COURT OF APPEALS
DECISION
DATED AND FILED

June 30, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP2220**

Cir. Ct. No.  **2021SC5936**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

ROBIN LAVANCE PERKINS,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: VALERIE BAILEY-RIHN, Judge. *Affirmed*.

¶1      FITZPATRICK, J.[1] Robin Perkins formerly leased an apartment from the Board of Regents of the University of Wisconsin ("the Board"). The Board brought an action to evict Perkins from that apartment in small claims court in Dane County. I think that Perkins wants to appeal an order of the circuit court concerning

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

that eviction. But, Perkins' notice of appeal and briefing in this court are such that it is impossible to determine what Perkins wants this court to do and the basis for Perkins' request on appeal. Luckily, the Board's response brief explains the events in the circuit court, and I summarize those now.

¶2 The Board filed an eviction action to remove Perkins from an apartment owned by the Board. Perkins did not appear at the eviction hearing, and a default judgment was entered against Perkins. Perkins filed two motions in the circuit court that the court construed either as a motion to reopen the judgment or for relief from judgment under WIS. STAT. § 806.07. Both motions were denied by the circuit court.

¶3 It is hard to tell anything about what Perkins requests as relief in this appeal. Perkins' brief-in-chief and reply brief are a jumble of words with nothing that approaches a discernable argument. Wisconsin appellate courts grant some leniency to pro se litigants, like Perkins, in regard to briefing. *Waushara Cnty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). However, a pro se litigant still has to make a recognizable argument as to why a decision of the circuit court should be reversed. *See id.* Perkins has not done so in this appeal.

¶4 For those reasons Perkins' appeal is rejected, and the order of the circuit court is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.